IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,553-01






EX PARTE MICHAEL BELTRAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 27599-A IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault on a public servant with a deadly weapon and sentenced to life imprisonment. The Twelfth
Court of Appeals affirmed his conviction. Beltran v. State, No. 12-06-00390-CR (Tex. App. - Tyler,
November 30, 2007). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel,
who had been retained to file a petition for discretionary review, failed to timely file a petition for
discretionary review. The habeas application indicated that Steven Rosen was both appellate counsel
and habeas counsel.

 Upon remand, the trial court entered findings of fact and conclusions of law finding another
attorney, James Crowley, ineffective for assuming the responsibility for filing a P.D.R. but then
failing to file one. However, the record following remand contains no response from James Crowley
or any indication that he has received notice of Applicant's claim and an opportunity to respond. In
these circumstances, additional facts and documentation are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide James Crowley with an opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine whether Applicant is still represented by counsel and, if not, whether he is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 Following receipt of an affidavit from James Crowley, or if an affidavit cannot be obtained,
the trial court may make any additional findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues and
completed the record. The issues shall be resolved within 90 days of this order. If any continuances
are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental
transcript containing all affidavits, including an affidavit from James Crowley or an explanation for
why an affidavit has not been obtained, and interrogatories or the transcription of the court reporter's
notes from any hearing or deposition, along with any supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court.



Filed: May 21, 2008

Do not publish